UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE

- Jewelry/Precious Items (Value - $83,550.00); and
- $1,490.00 in U.S. Currency

Misc. No.: 22-MC-50193
Hon. Mark A. Goldsmith

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Chaz Shields, by and through his attorney, Arthur Weiss, as follows:

1.   On September 13, 2021, the Federal Bureau of Investigation ("FBI") seized the following property:

- One 18kt rose gold Patek Philippe Nautilus automatic watch, Ref 5711/1R, Model: A384DAP;

- One 10kt yellow, rose and white gold diamond cuban link necklace, Make: GSJ with Pendant "In finesse I rust";

- One 10kt yellow, rose and white Gold diamond tennis necklace, Make: GSJ with Pendant "In finesse I trust"; and

- One Thousand Four Hundred Ninety Dollars ($1,490.00) in U.S. Currency

(collectively referred to herein as the "Property").

2. The Parties acknowledge and stipulate that the FBI provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Chaz Shields.

3. Chaz Shields filed a claim in the administrative forfeiture proceeding with the FBI regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. The FBI referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court

2

extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **February 14, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Chaz Shields knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **February 14, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **91 days** from **February 14, 2022** to and including **May 16, 2022**.

9. Chaz Shields waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal

action on the ground that forfeiture proceedings were not timely commenced. Chaz Shields further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Chaz Shields agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **May 16, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and Chaz Shields shall not seek its return for any reason in any manner.

11. By signing below, Arthur Weiss declares that prior to signing this Stipulation, he reviewed the Stipulation with Chaz Shields, consulted with Chaz Shields regarding its contents, answered any questions Chaz Shields had about it, determined that Chaz Shields understands its terms and is aware of his rights in this matter, and Chaz Shields authorized Arthur Weiss to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

**IT IS SO ORDERED.**

Dated: February 14, 2022　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　United States District Judge

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/Cassandra M. Resposo | S/ Arthur Weiss (with consent) |
| Cassandra M. Resposo (IL 6302830) | Arthur Weiss |
| Assistant United States Attorney | Attorney for Chaz Shields |
| 211 W. Fort Street, Suite 2001 | Arthur Jay Weiss & Associates, P.C. |
| Detroit, MI 48226 | 30445 Northwestern Highway, |
| (313) 226-9736 | Suite 225 |
| Cassandra.Resposo@usdoj.gov | Farmington Hills, MI 48334 |
| | (248) 855-5888 |
| Dated: February 10, 2022 | admin@ajweisslaw.com |
| | Dated: February 10, 2022 |